No. 19          May 14, 2015          295

IN THE SUPREME COURT OF THE
STATE OF OREGON

In Re Complaint as to the Conduct of
JAMES C. JAGGER,
OSB Bar #700700,
*Accused.*
(OSB 11103, 1353, 1354; S061978)

En Banc

On review of the decision of the trial panel of the Disciplinary Board.

Argued and submitted January 13, 2015.

John C. Fisher, Eugene, argued the cause and filed the briefs for the accused.

Susan Roedl Cournoyer, Assistant Disciplinary Counsel, Tigard, argued the cause and filed the brief for the Oregon State Bar.

PER CURIAM

The accused is suspended from the practice of law for a period of 90 days, commencing 60 days from the filing of this decision.

## PER CURIAM

In this lawyer disciplinary proceeding, the Oregon State Bar (Bar) alleged and the trial panel found that, in the course of representing a criminal defendant (Fan matter) on charges which included several counts of contempt for violating a Family Abuse Prevention Act (FAPA) restraining order, the accused violated Rule of Professional Conduct (RPC) 1.1 (failure to provide client with competent representation) and RPC 1.2(c) (counseling or assisting client to engage in conduct the accused knows to be illegal or fraudulent). The trial panel concluded that the appropriate sanction was a 90-day suspension from the practice of law. The accused sought review by this court under Bar Rule of Procedure (BR) 10.3.

On review, the Bar asks this court to affirm the above findings and, in addition, to find that the accused violated RPC 8.1(a)(2) (knowing failure to respond to lawful demand for information from a disciplinary authority) in the Fan matter and that the accused violated RPC 1.15-1(d) (failure to promptly return client property) in the course of his representation of another client (Cheney matter).

We review *de novo*. ORS 9.536(2); BR 10.6. Based on our review of the record, we conclude that the accused violated RPC 1.1 and RPC 1.2(c) in the Fan matter; we conclude that the accused did not violate RPC 8.1(a)(2) in the Fan matter and did not violate RPC 1.15-1(d) in the Cheney matter.

We briefly discuss the accused's arguments in the Fan matter only. The trial panel's statement of facts, which are essentially undisputed, is as follows:

"Mr. Fan was the respondent in a Family Abuse Prevention Act proceeding filed by Ms. Yang. The proceeding resulted in a restraining order against Fan which ordered him to refrain from contacting Yang. Fan also became a defendant in a criminal proceeding arising from the same conduct. The Accused represented Fan in these matters.

"On a day when Fan remained in jail on the criminal charge, the Accused contacted Yang via phone and arranged for her to visit his office at a later date. However, later that

same day Yang visited the office of the Accused, without advance notice. At that time, the Accused happened to have Fan on the telephone in his conference room.

"The Accused invited Yang to speak with Fan on the phone, and advised Fan that he was putting Yang on the phone for the purpose of discussing the situation. He left Yang alone in his conference room for several minutes while she had a conversation with Fan. After this conversation, Yang left the office and did not again respond to contacts from the Accused; the Bar contends that Yang misunderstood the Accused's role in the matter, and did not know that he was representing Fan's interests alone. The record suggests that linguistic and cultural barriers may have contributed to Yang's misunderstanding.

"Based on Fan's participation in this conversation, he was convicted of contempt of court for violating the contact provision of the restraining order."

The trial panel found by clear and convincing evidence that the accused had violated RPC 1.1, because "the Accused's advice to Fan could not have been the product of legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." *See* RPC 1.1 ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."). The trial panel also found "that the Accused knew the conduct which he assisted was illegal," in violation of RPC 1.2(c), which provides:

"A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is illegal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law."

First, the accused contends that Fan's girlfriend, Yang, voluntarily initiated the phone contact with Fan. However, the record does not support that contention. To the contrary, the evidence shows that Fan initiated the phone call to the accused, that the accused invited Yang to pick up the phone and talk to Fan, and that Yang accepted that

invitation. The evidence also shows that the accused invited Yang to talk to Fan to discuss the restraining order against Fan. Thus, the evidence shows that the accused initiated the phone contact between Yang and Fan.

Second, the accused contends that the accused did not knowingly violate the law because the FAPA order prohibited Fan from "[c]ontacting, or attempting to contact, Petitioner by telephone," which, the accused argues, required that Fan take affirmative action to violate the order. (Boldface omitted.) Even if we give the FAPA order that interpretation, however, the evidence shows that the accused assisted Fan in taking affirmative action. As explained above, the accused acted as Fan's agent in inviting Yang to talk to Fan; that invitation was an affirmative act. The evidence shows that the accused had actual knowledge of the FAPA order and its terms when he assisted Fan in taking that action.

We conclude that there is clear and convincing evidence that the accused violated RPC 1.1 and RPC 1.2(c) in the Fan matter. Any further explanation of the underlying facts, or our application of the law to those facts in the Fan matter or the Cheney matter, would not benefit the bench, the bar, or the public. We also conclude that a 90-day suspension is appropriate.

The accused is suspended from the practice of law for a period of 90 days, commencing 60 days from the filing of this decision.